# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Geshik-O-Binese (NMN) Martin,          Criminal No. 12-206(1) (DWF/LIB)
                                    Civil No. 15-2210 (DWF)
         Petitioner-Defendant,

v.                                     **AMENDED MEMORANDUM**
                                    **OPINION AND ORDER**

United States of America,

         Respondent-Defendant.

## INTRODUCTION

This Court filed a Memorandum Opinion and Order on February 17, 2017 in which it denied Petitioner-Defendant Geshik-O-Binese Martin's ("Petitioner-Defendant") motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 497). The Court also respectfully denied the Petitioner-Defendant's four *pro se* motions filed on August 23, 2016 (Doc. Nos. 475, 476, 477 & 478). In addition to those motions, the Court, with the exception of one issue, denied any further evidentiary hearings and denied a certificate of appealability.

However, the Court had conducted an evidentiary hearing on August 30, 2016, on the sole issue of whether the Petitioner-Defendant's trial counsel was ineffective because he did not communicate a plea offer to him. That issue was not addressed in the Court's February 17, 2017 Memorandum Opinion and Order.

As the Court stated in its Memorandum Opinion and Order of February 17, 2017, (Doc. No. 497), this matter is before the Court on the Petitioner-Defendant's *pro se*

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 420.)  The United States of America ("the Government") opposes the Petitioner-Defendant's motions.  (Doc. Nos. 447, 486.)

The Petitioner-Defendant alleges in his § 2255 motion that:  (1) his trial counsel was ineffective in advising him to sign a stipulation regarding his Indian status; (2) that insufficient evidence existed to prove his Indian status beyond a reasonable doubt; (3) that his trial counsel was ineffective because he did not communicate a plea offer to him; (4) that his appellate counsel failed to argue prosecutorial misconduct by the United States Attorney's Office; and (5) that his trial counsel failed to raise an intoxication defense and request proper jury instructions for an intoxication defense.

On August 23, 2016, the Petitioner-Defendant filed the following *pro se* motions:  (1) motion requesting the Court to issue a subpoena to compel the Red Lake Tribal Court to respond to the Petitioner-Defendant's motions to challenge the trial court's jurisdiction over him for tribal court convictions as well as to order the Red Lake Tribal Court to respond to his jurisdictional challenge to his Tribal Court convictions; (2) motion to amend his § 2255 petition regarding ineffective assistance of his appellate counsel by alleging that his appellate counsel was ineffective because counsel cited erroneous law in making legal arguments and alleging that the Eighth Circuit Court of Appeals incorrectly applied law that was not applicable to the situation presented in his case; (3) motion to stay proceedings related to his § 2255 motion until the Petitioner-Defendant received documentation from the Red Lake Band of Chippewa Indians relating to his arguments

2

pertaining to his Indian status; and (4) motion for issuance of a subpoena or court order to compel the Red Lake Band of Chippewa Indians to respond to the Petitioner-Defendant's various inquiries regarding his nonmember status and lack of recognition by the Red Lake Band.

## PROCEDURAL HISTORY

In August 2012, a federal grand jury returned an Indictment charging the Petitioner-Defendant, and his codefendants, Edward McCabe Robinson, David John Martin, George Allen Martin, Kevin John Needham, and Terin Rene Stately, with aiding and abetting Murder in the First Degree and aiding and abetting Murder in the Second Degree, all in violation of Title 18, United States Code, Sections 2, 1111, 1151, and 1153(a), and aiding and abetting Robbery in violation of Title 18, United States Code, Sections 2, 1151, 1153(A), and 2111, for their respective roles in the robbery and deaths of Craig David Roy and Darla Ann Beaulieu. (Doc. No. 1.)

The case was tried before a jury for nine days, beginning on February 25, 2013. Significantly, the Petitioner-Defendant testified on his own behalf before the jury. (Tr. 1352-1431.) During the direct examination by his trial counsel, the Petitioner-Defendant admitted that he was an Indian. (Tr. 1352.) The Petitioner-Defendant testified and claimed that he and his codefendants went to the Roy residence to retrieve David Martin's clothes on January 1, 2011. (Tr. 1362-64.) The Petitioner-Defendant also testified that he alone stabbed the victims, Roy and Beaulieu, and did so in self-defense after Roy became

violent.  (Tr. 1368-74.)  The Petitioner-Defendant was very clear in testifying that his codefendants were not in the Roy residence at the time of the murders.  (*Id.*)

The jury returned a verdict finding that the Petitioner-Defendant guilty on all counts.  (Doc. No. 274.[1])

On June 21, 2013, this Court sentenced the Petitioner-Defendant to consecutive terms of life imprisonment for the first-degree murder convictions and a concurrent term of 15 years imprisonment for the robbery conviction.  (Doc. No. 319.)

On appeal to the Eighth Circuit, the Petitioner-Defendant argued improper *ex parte* contact by the undersigned with the jury during jury selection and alleged that the Government failed to prove his Indian status under § 1153, even though he had stipulated and admitted to that fact.  *United States v. Martin*, 777 F.3d 984, 990-94 (8th Cir. 2015).  The Eighth Circuit Court of Appeals affirmed the judgment of the district court on February 4, 2015.  *Id.* at 998.

On June 8, 2015, the United States Supreme Court denied the Petitioner-Defendant's petition for writ of certiorari.  *Martin v. United States*, 135 S. Ct. 2827 (2015).

---

[1]      Codefendant Edward Robinson  was also convicted of all counts of murder and robbery.  (Doc. No. 276.)  Codefendant David Martin was convicted of robbery, but acquitted on all counts of murder.  (Doc. No. 278.)  Codefendant and brother of the Petitioner-Defendant, George Martin, was acquitted on all counts.  (Doc. No. 282.)  Codefendants Terin Stately and Kevin Needham entered pleas of guilty prior to trial.  (Doc. No. 148 and 248.)

4

On August 17, 2015, the Petitioner-Defendant filed his *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 420.)

On May 23, 2016, the Court appointed counsel to represent the Petitioner-Defendant in his § 2255 matter.  (Doc. No. 467.)  The Petitioner-Defendant filed four *pro se* motions on August 23, 2016, which was subsequent to appointment of counsel. The Petitioner-Defendant's counsel acknowledged at the evidentiary hearing that she had reviewed all of his claims and would only be addressing assisting the Petitioner-Defendant with respect to the issue before the Court at the evidentiary hearing which was the issue of whether the Petitioner-Defendant's trial counsel had provided ineffective assistance of counsel by failing to communicate a plea offer from the Government.  The evidentiary hearing occurred, as referenced above, on August 30, 2016.

## DISCUSSION

I.   **Ineffective Assistance of Counsel**

The United States Constitution guarantees that the accused "shall enjoy the right . . . to have the Assistance of Counsel" in criminal prosecutions.  U.S. Const. amend. VI.  To prevail on a claim for ineffective assistance of counsel under § 2255, however, a defendant must overcome a "heavy burden."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  To overcome that burden, a defendant must first "show that counsel's performance was deficient."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The deficiency must be "so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.*

To establish that there was a deficient performance, the defendant must show that the errors were not the result of "reasonable professional judgment." *Id.* at 690. There is a strong presumption "that counsel . . . rendered adequate assistance." *Id.* A defendant must prove, then, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**A.    Indian status**

As the Court will discuss below, the outcome of the trial would not have been different without the stipulation. The Petitioner-Defendant testified and acknowledged that he was an Indian. The Eighth Circuit has already decided that the Petitioner-Defendant knowingly and voluntarily entered into the Indian status stipulation and, as the Government points out, the Government would have likely introduced additional evidence with respect to the issue raised by the Petitioner-Defendant to prove that he was an Indian to show federal or tribal recognition in the event the Petitioner-Defendant would have denied at the outset of the trial that he was an Indian.

As the record clearly establishes, the Petitioner-Defendant's claims regarding the Indian status stipulation were fully litigated on direct appeal. The Petitioner-Defendant's trial counsel was not unreasonable or ineffective in proceeding with the stipulation as to the Petitioner-Defendant's Indian status at trial.

6

**B.      Failure to raise an intoxication defense and applicable jury instructions**

The Petitioner-Defendant also claims that his trial counsel was ineffective because he failed to raise intoxication as a defense and in so doing failed to request an intoxication instruction to preclude the intent element of the robbery charge despite "repeated testimony of all witnesses that we all were intoxicated." (Doc. No. 420, p. 24.) The Petitioner-Defendant's trial counsel's decision to zealously focus in on a self-defense theory was clearly within the scope of reasonable professional judgment, given the facts in this case. *Strickland*, 466 U.S. at 689-91; *Stead v. United States*, 67 F. Supp. 2d 1064, 1075 (8th Cir. 1999) (no ineffective assistance of counsel after failing to raise intoxication defense in addition to self-defense).

As the record before this Court clearly demonstrates, the focus at trial was on a self-defense theory. Significantly, no witnesses were able to testify at the trial as to what occurred in the victims' home because the Petitioner-Defendant was crystal clear that he was the only one in the house at the time he was attacked by victim Roy. As observed by the Government, when the Petitioner-Defendant took the stand, he gave very specific detail about the conversations he had with his co-defendants and the actions that he was forced to take in self-defense when he allegedly was first attacked. (Tr. 1366, 1375.) Morever, it was the position of the Petitioner-Defendant and his trial counsel that there was no robbery that occurred. (Tr. 1366, 1368.) The direct and circumstantial evidence in the case, including the testimony of the Petitioner-Defendant himself, clearly demonstrated that he was not intoxicated at the time he entered the home of the victims.

7

The record belies the notion that there was any prejudice that resulted to the Petitioner-Defendant from his trial counsel's decision not to raise an intoxication defense. Consequently, based on the record before the Court, the Petitioner-Defendant's trial counsel was not ineffective for not raising the intoxication defense.

### C.   Failure to argue prosecutorial misconduct on appeal

The Petitioner-Defendant also argues that his appellate counsel, which was different counsel than his trial counsel, was ineffective for not raising prosecutorial misconduct on his direct appeal, asserting that the prosecutor demonstrated "repeated misconduct during the trial." Specifically, the Petitioner-Defendant asserts that the prosecutor improperly listed 404(b) evidence, established impermissible propensity evidence, and suggested guilt by association. The Petitioner-Defendant also alleges that the prosecutor knowingly elicited false or perjured testimony from a number of trial witnesses. Because of these allegations, the Petitioner-Defendant claims that his appellate counsel should have raised as a separate ground of appeal prosecutorial misconduct.

As the record demonstrates, the Petitioner-Defendant failed to raise the issue of prosecutorial misconduct on direct appeal. Prosecutorial misconduct is not properly raised for the first time in a § 2255 petition. *See*, *e.g.*, *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

Close scrutiny of the record in this case, especially when the Court focuses on the Petitioner-Defendant's testimony, demonstrates that appellate counsel was not ineffective

in failing to raise a claim of prosecutorial misconduct on appeal.  In fact, the record in this case belies the allegations by the Petitioner-Defendant that there was prosecutorial misconduct during the course of the trial.  Consequently, even though the Petitioner-Defendant is procedurally prohibited from raising a claim of prosecutorial misconduct for the first time in his § 2255, even if the allegations of the Petitioner-Defendant are carefully examined, as the Court has done, there is no merit to the Petitioner-Defendant's allegation.  It not only did not affect the outcome of the trial itself, but those same arguments would not have been successful on appeal.  As suggested above, close scrutiny of the trial transcript in this matter contradicts each of the allegations of the Petitioner-Defendant.  The Petitioner-Defendant's appellate counsel was not ineffective in failing to raise a prosecutorial misconduct claim.

D.   **Failure of trial counsel to communicate a plea offer to the Petitioner-Defendant:  Evidentiary hearing on August 30, 2016**

The record before this Court does not support Petitioner-Defendant's assertions that his trial counsel was ineffective because he did not communicate the plea offer to him.  The Court conducted an evidentiary hearing on this issue at which both the Petitioner-Defendant and his trial counsel testified and were subject to direct and cross-examination.  The claim of the Petitioner-Defendant does not rise to the level of an error under even the first prong of the *Strickland* test.  As a result, the Petitioner-Defendant has failed to meet the burden necessary to demonstrate his claim for ineffective assistance of counsel with respect to failure to communicate a plea agreement to him.  At the

evidentiary hearing, trial counsel for the Petitioner-Defendant, under oath, testified that he was appointed to represent the Petitioner-Defendant in August 2012, that the plea offer was received in February 2013, and that the plea agreement was discussed during the week of February 15th.  At that time, trial counsel testified that the Petitioner-Defendant stated he would not plead to the charges unless those charges were dismissed against his brother, George Martin.  He was concerned for his brother, according to trial counsel. Trial counsel was specific at the evidentiary hearing on August 30, 2016.  The Petitioner-Defendant would not accept any plea agreement that would incriminate his brother, including the factual basis required for any plea of guilty.  (Tr. 7-20.)  Significantly, trial counsel's testimony at the evidentiary hearing on August 30, 2016, and, to a significant extent, the Petitioner-Defendant's testimony during the evidentiary hearing, was entirely consistent with the Petitioner-Defendant's posture and defense during the trial, namely, that he alone stabbed the victims, Craig David Roy, a/k/a "Crusher," and Darla Ann Beaulieu, and did so in self-defense after Roy became violent.  As noted above, the Petitioner-Defendant was very clear in testifying that his co-defendants, including his brother, George Martin, were not in the Roy residence at the time of the murder. And, as noted above, the Petitioner-Defendant's brother, George Martin, was acquitted on all counts.

The testimony of not only trial counsel, but the Petitioner-Defendant himself at the evidentiary hearing that this Court held on August 30, 2016, when viewed in the context of the entire record, including the transcripts of the trial and the defense asserted by the

10

Petitioner-Defendant at trial, including his own testimony at trial, belie the notion that the Petitioner-Defendant received ineffective assistance of counsel and that his trial counsel failed to communicate a plea offer to him.  Consequently, the Petitioner-Defendant has failed to meet the burden necessary to demonstrate his claim on this issue for ineffective assistance of counsel.

## II.   Sufficiency of the Evidence Claim:  Petitioner-Defendant's Indian Status

The Petitioner-Defendant asserts that the Government possessed insufficient evidence to probe beyond a reasonable doubt that his Indian status was an essential element of a conviction pursuant to 18 U.S.C. § 3553 ("The Major Crimes Act"). Further, as mentioned above, the Petitioner-Defendant also asserts that the stipulation itself regarding Indian status was insufficient to establish the essential element of Indian status as outlined in The Major Crimes Act.  The Petitioner-Defendant has provided new evidence of non-membership with the Red Lake Band of Chippewa Indians both within his habeas motions and a separate filing of the Red Lake Nation's Constitution and Bylaws.  (*See* Doc. No. 420, p. 5; 430.)

First of all, as observed by the Government, a § 2255 petition cannot be used to collaterally attack the sufficiency of the evidence in a case.  Instead, a sufficiency of the evidence claim must be resolved on direct appeal.  *English v. United States*, 998 F.2d 609, 612-13 (8th Cir. 1993).  Moreover, in the absence of an intervening change in the law or newly discovered evidence, none of which is the case before the Court, the court reviewing the habeas petition may not reconsider any claim that was resolved on direct

11

appeal. *Id.*, *see also Davis v. United States*, 417 U.S. 333, 342 (1974). As the Court

noted above, the Petitioner-Defendant stipulated at trial that he was an Indian for

purposes of the charges identified in the Indictment and under The Major Crimes Act.

The Petitioner-Defendant was also present when the jury was told that he had agreed and

stipulated to Indian status (Tr. 1237-38). Significantly, the Petitioner-Defendant testified

that he was an Indian. (Tr. 1352.) It was only after the Petitioner-Defendant was found

guilty that he appealed, claiming that the stipulation was insufficient to prove beyond a

reasonable doubt his Indian status, as required by The Major Crimes Act, and that the

stipulation was not knowingly and voluntarily entered into by him. The Eighth Circuit

rejected both of the Petitioner-Defendant's arguments with regard to the Indian status

stipulation and affirmed the convictions, as noted above. *United States v. Martin*, 777

F.3d 984, 990-98 (8th Cir. 2015). The Petitioner-Defendant also filed a writ of certiorari

with the Supreme Court making the same claims related to the Indian status stipulation.

The Petitioner-Defendant's writ of certiorari was denied on June 8, 2015. *Martin v.

United States*, 135 S. Ct. 2827 (2015).

The Petitioner-Defendant's arguments regarding sufficiency of the evidence

relating to his Indian status have been fully litigated on direct appeal. For that reason, his

claim is procedurally barred unless there is newly discovered evidence offered by the

Petitioner-Defendant in support of his habeas motion. On the record before the Court, the

Petitioner-Defendant cannot meet his burden that his lack of enrollment in the Red Lake

Band of Chippewa Indians and the Red Lake Nations Constitution and Bylaws regarding

non-members is newly discovered evidence subject to § 2255 review. That is true for a number of reasons.

First, the evidence was not discovered after trial. The Red Lake Nation's Constitution and Bylaws were applicable and in full force at the time the Petitioner-Defendant stipulated to his Indian status. On the record before the Court, the Government would have been able to prove the Petitioner-Defendant's Indian status with or without a stipulation. There was no additional evidence submitted because the Petitioner-Defendant stipulated to being an Indian person for purposes of the indictment offenses and admitted and acknowledged that he was an Indian.

Significantly, however, the Petitioner-Defendant's enrollment status with the Red Lake Bank of Chippewa Indians is not material or determinative of his Indian status for purposes of criminal jurisdiction pursuant to The Major Crimes Act. As observed by the Government, the generally accepted test for determining Indian status is whether (1) the defendant has some Indian blood; and (2) is recognized as an Indian by a tribe or the federal government or both. *United States v. Rogers*, 45 U.S. 567, 572-73. The Petitioner-Defendant's enrollment status with the Red Lake Bank of Chippewa Indians is not the deciding factor in determining his Indian status. A defendant can be determined to be an Indian for criminal jurisdiction purposes pursuant to The Major Crimes Act even if the defendant is not an enrolled member of a federally recognized tribe. *See United States v. Stymiest*, 581 F.3d 759, 766 (8th Cir. 2009) (evidence of Indian status was sufficient for conviction despite not being an enrolled member); *see also United*

13

*States v. Pemberton*, 405 F.3d 656, 660 (8th Cir. 2005) (defendants who hold themselves

out to be Indians and who are of Indian blood are Indians under the Major Crimes Act).

As the record in this case clearly demonstrates, the Petitioner-Defendant acknowledged

numerous times that he was an Indian during his trial testimony, *see* Tr. 1352, 1381, in

addition to his stipulation that he was an Indian for purposes of The Major Crimes Act.

Not only is the Petitioner-Defendant's claim procedurally barred because the sufficiency

of the evidence was litigated on direct appeal, there is no newly discovered evidence that

contradicts the record on this issue.

### III.   The Petitioner-Defendant's Four *Pro Se* Motions Filed on August 23, 2016

#### A.   The Petitioner-Defendant's *pro se* motion for issuance of subpoena or motion to compel (Doc. No. 475)

The Petitioner-Defendant filed four *pro se* motions on August 23, 2016.  In his

first motion, he requests that this Court order the Red Lake Tribal Court to respond to his

motions to challenge the Tribal Court's jurisdiction over him for Tribal Court

convictions.  The Petitioner-Defendant, in effect, asserts that if the Red Lake Tribal

Courts were to vacate his Tribal Court convictions, then, apparently, the Government

would no longer be able to prove that he was an Indian for purposes of jurisdiction

pursuant to 18 U.S.C. § 1153.  This *pro se* motion, and the ones that the Court will

address below, were not part of the Petitioner-Defendant's habeas petition.  It is this

Court's position that a federal court has no authority to order a separate sovereign to

comply with its order or to otherwise act.  Specifically, Indian tribes, like the Red Lake

Band of Chippewa Indians, are domestic independent nations that exercise inherent sovereign authority over their members and territories. *Kills Crow v. United States*, 451 F.2d 323 (8th Cir. 1971). It is the Court's view that it cannot require the Red Lake Tribal Court to take action or vacate the Petitioner-Defendant's convictions. Whether the Petitioner-Defendant decides to pursue remedies in the Tribal Court with respect to issues relating to his tribal court convictions is not before this Court. For these reasons, the Court will be respectfully denying the Petitioner-Defendant's request and motion for a subpoena.

### B.      The Petitioner-Defendant's *pro se* motion to amend (Doc. No. 476)

In this second *pro se* motion, the Petitioner-Defendant seeks to add two more grounds of ineffective assistance of appellate counsel. He first alleges that his appellate counsel was ineffective because counsel cited incorrect law in making legal arguments. Secondly, the Petitioner-Defendant alleges that the Eighth Circuit Court of Appeals incorrectly applied the law that was not related to the situation presented in the Petitioner-Defendant's case.

Significantly, based on the Eighth Circuit Court of Appeals' decision, even if the Court assumed everything the Petitioner-Defendant has asserted is correct, there is no reasonable probability that the result of the appeal would have been different if appellate counsel had presented different arguments. The Court concurs with the Government's assertion that it appears that the Petitioner-Defendant simply dislikes the result and opinion of the Court of Appeals. Moreover, as the Court has suggested on other issues

15

above, a defendant cannot collaterally attack the Eighth Circuit's opinion in a § 2255

action. Based on the record before the Court, the Court will be respectfully denying the

Petitioner-Defendant's motion to amend because the grounds alleged by the Petitioner-

Defendant do not provide jurisdiction to this Court for relief pursuant to § 2255.

> **C.** **The Petitioner-Defendant's *pro se* motion to stay proceedings and/or motion for extension of time (Doc. No. 477)**

The Petitioner-Defendant in this third *pro se* motion has requested a stay of the

proceedings related to his § 2255 motion until he can receive documentation from the

Red Lake Band of Chippewa Indians relating to his lack of recognition and

documentation pertaining to his Indian status.

The Court has already noted above that the Petitioner-Defendant's claims can be

analyzed without the information or documents not only because the Petitioner-Defendant

stipulated to "Indian status" and so testified, but, additionally, this asserted documentation

is not newly discovered evidence. Consequently, as the Court has already found, his trial

counsel was not ineffective in recommending to the Petitioner-Defendant that he stipulate

and admit to his Indian status. For these reasons, the Court has respectfully denied the

Petitioner-Defendant's motion to stay these proceedings.

**D.     The Petitioner-Defendant's pro se motion for issuance of a subpoena and/or motion to compel (Doc. No. 478)**

The Petitioner-Defendant has moved the Court for a subpoena or, alternatively, for an order to compel the Red Lake Band of Chippewa Indians to respond to his various inquiries relating to his nonmember status and lack of recognition by the Red Lake Band. The Petitioner-Defendant asserts that the information that the Red Lake Band of Chippewa Indians has, that is related to nonmember status on the Reservation, is important to his arguments set forth in his motion to vacate his sentence.

For the same reasons the Court has explained above, specifically, that the Petitioner-Defendant stipulated to his Indian status and then proceeded to so testify and acknowledge his Indian status during his trial, his trial counsel was not ineffective when he recommended that the Petitioner-Defendant stipulate to his Indian status. There is no newly discovered evidence before the Court. Consequently, the Court respectfully denies the Petitioner-Defendant's motion and request for issuance of a subpoena.

## III.    Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.

1998).  Applying that standard to Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case. Petitioner-Defendant's ineffective assistance claims are facially inadequate.

## IV.   Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

The Court has considered whether issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  In that context, the Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA.  28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the trial and sentencing transcript and the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

18

**ORDER**

1.      Petitioner-Defendant Geshik-O-Binese (NMN) Martin's *pro se* Motion

Under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. [420]) is

respectfully **DENIED**.

2.      Petitioner-Defendant Geshik-O-Binese (NMN) Martin's *pro se* Application

to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. [421]) is

**DENIED AS MOOT**.

3.      Petitioner-Defendant Geshik-O-Binese (NMN) Martin's four *pro se*

motions filed on August 23, 2016, (Doc. Nos. [475], [476], [477], and [478]), are

respectfully **DENIED**.

4.      No additional evidentiary hearing is required in this matter.

5.      No Certificate of Appealability will be issued to the Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 13, 2017          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge